**United States District Court**
For the Northern District of California

1
2
3
4

IN THE UNITED STATES DISTRICT COURT

5

FOR THE NORTHERN DISTRICT OF CALIFORNIA

6
7
8
9
10
11

| | | |
|---|---|---|
| CHARLES M. FORDJOUR, | ) | No. C 07-2111 MMC (PR) |
| Petitioner, | ) | **ORDER OF DISMISSAL WITH** |
| | ) | **LEAVE TO AMEND; DENYING** |
| v. | ) | **EMERGENCY MOTION FOR** |
| | ) | **STATUS** |
| ROBERT L. AYERS, et al., | ) | |
| Respondents. | ) | (Docket No. 3) |
| _____ | ) | |

12          On March 20, 2007, petitioner, a California prisoner incarcerated at San Quentin State

13   Prison and proceeding pro se, initiated the above-titled action in the Eastern District of

14   California by filing an "Emergency Petition for All Writs Act, 28 U.S.C. § 1651; Declaratory

15   Relief; and Emergency Motion for Relief from Unconstitutional Confinement Pursuant to

16   FRAP 23 and 28 U.S.C. § 1651."  In said "petition," petitioner asserts the revocation of his

17   parole, on February 21, 2007 in Contra Costa County, violated federal law; he seeks release

18   from custody.  On April 16, 2007, the Eastern District construed the petition as a petition for

19   a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides for a writ of habeas

20   corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the

21   ground that he is in custody in violation of the Constitution or laws or treaties of the United

22   States," see Rose v. Hodges, 423 U.S. 19, 21 (1975); see also Hill v. McDonough, 126 S. Ct.

23   2096, 2101 (2006) (finding challenges to lawfulness of confinement or to particulars

24   affecting its duration are province of habeas corpus), and transferred the case to this court.

25          It appears from the petition, however, that petitioner has not exhausted his state court

26   remedies.  Prisoners in state custody who wish to challenge collaterally in federal habeas

27   proceedings either the fact or length of their confinement are first required to exhaust state

28   judicial remedies, either on direct appeal or through collateral proceedings, by presenting the

highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b)-(c).  Consequently, before petitioner may challenge either the fact or length of his confinement in a habeas petition in this court, he must present to the California Supreme Court any claims he wishes to raise herein.  See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).  Petitioner does not indicate anywhere in his petition that he has presented his claims to the California Supreme Court, either on direct appeal or through collateral proceedings.  Moreover, petitioner states in his petition that his parole was revoked on February 21, 2007, a date only 27 days before he filed the instant petition.  Although it is unlikely that petitioner was able to exhaust his claims in such a short period of time, petitioner will be given leave to file an amended petition to allege, if he can do so in good faith, that he has properly presented his claims, either on direct appeal or through collateral proceedings, to the California Supreme Court.

Accordingly, the above-titled action is hereby DISMISSED, with leave to file an amended petition within **thirty (30) days** of the date this order is filed.  Petitioner's amended petition shall be filed on the court's form for habeas petitions, and shall cure the deficiencies noted above.  The amended petition must include the caption and civil case number used in this order (No. C 07-2111 MMC (PR)), and must include the words AMENDED PETITION on the first page.  **Petitioner must include in the amended petition all the claims he wishes to present, and he may not include any unexhausted claims or incorporate material from any prior petitions by reference.  Failure to file an amended petition in conformity with this order shall result in the dismissal of this action without prejudice.**

In light of the above, petitioner's "Emergency Motion for Status on Petition," filed May 18, 2007, is hereby DENIED as moot.

This order terminates Docket No. 3.

IT IS SO ORDERED.

DATED: June 11, 2007

_____
MAXINE M. CHESNEY
United States District Judge