United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M. FORDJOUR,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ROBERT L. AYERS, et al.,<br><br>　　　　　Respondents.<br>_____ | No. C 07-2111 MMC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; ADDRESSING PENDING MOTIONS**<br><br>**(Docket Nos. 8, 9, 11, 16, 17, 18, & 19)** |

　　　On March 20, 2007, petitioner, a California prisoner then incarcerated at San Quentin State Prison ("SQSP") and proceeding pro se,[1] initiated the above-titled habeas corpus action in the Eastern District of California by filing an "Emergency Petition for All Writs Act, 28 U.S.C. § 1651; Declaratory Relief; and Emergency Motion for Relief from Unconstitutional Confinement Pursuant to FRAP 23 and 28 U.S.C. § 1651." In said petition, petitioner asserted the revocation of his parole, on February 21, 2007 in Contra Costa County, violated federal law; he sought release from custody.

　　　On April 11, 2007, the Eastern District transferred the case to this district because the proper respondent for the petition under § 2254 is petitioner's custodian, i.e., the warden at SQSP; SQSP is located in the venue of the Northern District; and venue over parole matters is preferable in the district of confinement. (Order, filed April 11, 2007, at 1-3.)

　　　On June 11, 2007, this Court dismissed the petition with leave to amend to allege petitioner had exhausted his state court remedies. On July 6, 2007, petitioner filed an

---

　　　[1]Petitioner currently is incarcerated at Avenal State Prison.

amended petition, in which he alleges the following: (1) he filed a state habeas petition in the Marin County Superior Court, which petition was denied on April 13, 2007 (Pet. at 4.); (2) he filed a state habeas petition in the California Court of Appeal, which petition was denied on June 13, 2007 (Pet. at 5.); (3) he filed a state habeas petition in the California Supreme Court (Id.). Petitioner has left blank the portion of the habeas form petition that asks him to provide the result reached in the California Supreme Court and the date of the result. (See id.) Because petitioner has not provided such information, the Court is unable to determine whether the petition filed in the California Supreme Court is still pending and, consequently, whether petitioner has exhausted his state court remedies. Accordingly, the petition will be dismissed, and petitioner will be granted leave to file a second amended petition that includes updated information concerning the status of his California Supreme Court petition.

In addition, since filing his amended petition, petitioner has filed numerous motions, each of which he characterizes an as "Emergency Motion." (See Docket Nos. 8, 9, 11, 16, 17, 18, 19.) With one exception, the motions fall into two categories: (1) motions filed before December 17, 2007, which motions seek preliminary injunctive relief in the form of petitioner's release or his transfer to a federal prison before his anticipated release date of December 17, 2007, (Docket Nos. 8, 9, 11, 16); and (2) motions filed after December 17, 2007, which motions seek petitioner's immediate release from prison subsequent to the alleged expiration of his sentence on that date. (Docket Nos. 18, 19.)[2]

The first category of motions will be denied as moot because the anticipated release date of December 17, 2007 has passed. The second category of motions will be denied because petitioner has not shown he has exhausted his state court remedies concerning a

---

[2]The one exception is petitioner's "Emergency Motion for Mandatory Disqualification and Recusal Pursuant to 28 U.S.C.A. § 455(a) and 28 U.S.C.A. § 455(b)(1)." (Docket No. 17.) In said motion, petitioner argues the Court should recuse itself from presiding over the instant matter because the Court's failure to grant the writ or petitioner's emergency motions shows the Court is not impartial and is biased against petitioner. Petitioner's assertions do not provide grounds for the Court to recuse itself from presiding over the petition. See United States v. Holland, 501 F.3d 1120, 1123 (9th Cir. 2007) ("[I]n the absence of a legitimate reason to recuse himself, a judge has a duty to sit in judgment in all cases coming before him."). Accordingly, the motion will be denied.

1 claim that he is being held past his release date. Any such claim is distinct from petitioner's
2 claim that his constitutional rights were violated by the revocation of his parole.
3 Accordingly, before petitioner can proceed on a claim that he is being held past his release
4 date, petitioner first must present such claim to the state courts for review. If petitioner in
5 fact has exhausted his state remedies with respect to such separate claim, he may include
6 such claim in his second amended petition, provided his also sets forth therein the facts
7 showing such claim has been exhausted.

## CONCLUSION

For foregoing reasons, the Court orders as follows:

1. The instant petition is hereby DISMISSED, with leave to file a second amended petition within **thirty (30)** days of the date this order is filed. Petitioner's second amended petition shall be filed on the court's form for habeas petitions, and shall cure the deficiencies noted above. The second amended petition must include the caption and civil case number used in this order (No. C 07-2111 MMC (PR)), and must include the words SECOND AMENDED PETITION on the first page. **Petitioner must include in the second amended petition all the claims he wishes to present, and he may not include any unexhausted claims or incorporate material from any prior petitions by reference. Failure to file a second amended petition in conformity with this order shall result in the dismissal of this action without prejudice.**

2. All pending motions are hereby DENIED, as set forth above. Petitioner is advised that his continual filing of duplicative motions serves only to hinder, rather than hasten, the Court's ability to address the motions and the underlying petition.

This order terminates Docket Nos. 8, 9, 11, 16, 17, 18, and 19.

IT IS SO ORDERED.

DATED: January 17, 2008

_____
MAXINE M. CHESNEY
United States District Judge