United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M. FORDJOUR, ) | No. C 07-2111 MMC (PR) |
| Petitioner, ) | **ORDER GRANTING EXTENSION OF TIME TO FILE SECOND AMENDED PETITION** |
| v. ) | |
| ROBERT L. AYERS, et al., ) | **(Docket Nos. 25 & 27)** |
| Respondents. ) | |
| _____ ) | |

      On March 20, 2007, petitioner, a California prisoner then incarcerated at San Quentin State Prison and proceeding pro se, initiated the above-titled habeas corpus action by filing an "Emergency Petition for All Writs Act, 28 U.S.C. § 1651; Declaratory Relief; and Emergency Motion for Relief from Unconstitutional Confinement Pursuant to FRAP 23 and 28 U.S.C. § 1651." In said petition, petitioner asserted the revocation of his parole, on February 21, 2007 in Contra Costa County, violated federal law; he sought release from custody.

      On June 11, 2007, the Court dismissed the petition with leave to amend to allege exhaustion of state court remedies. On July 6, 2007, petitioner filed an amended petition in which he alleged he had filed state habeas petitions in the Marin County Superior Court, the California Court of Appeal and the California Supreme Court, and that the petitions filed in the Superior Court and the Court of Appeal had been denied. Petitioner left blank the portion of the habeas form petition asking him to provide the result reached in the California Supreme Court and the date of the result. On January 17, 2008, the Court again dismissed the petition with leave to amend, explaining to petitioner that as the result of his failure to

provide information about the status of the petition filed in the California Supreme Court, this Court was unable to determine whether such petition was still pending and, consequently, whether petitioner had exhausted his state court remedies. Petitioner was given thirty days in which to file a second amended petition that included updated information about the status of his California Supreme Court petition.

Following the Court's issuance of the January 17, 2008 order, petitioner notified the Court that he now is incarcerated at the Kings County Jail in Hanford, California; he also has filed requests for an extension of time in which to file his second amended petition. Good cause appearing, petitioner will be granted thirty days in which to file his second amended petition.

In light of petitioner's change of address from state prison to the Kings County Jail, however, petitioner, in his second amended petition, must inform the Court not only about the status of his California Supreme Court petition, but also whether he still is serving the parole revocation term that is the subject of the instant petition and, if he is not, whether he nonetheless is suffering ongoing injury as a result of such revocation. Specifically, if petitioner no longer is serving his parole revocation term, the instant petition will be subject to dismissal as moot unless petitioner can show some existing "collateral consequence" of the parole revocation. See Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987). A collateral consequence is a concrete and continuing injury other than the now-ended incarceration resulting from the parole revocation. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). The potential for detriment in a future parole or sentencing proceeding, impeachment in future court proceedings, or use of the parole revocation against the petitioner if he appears as a defendant in a future criminal proceeding are not sufficient to constitute collateral consequences. See id. at 14-16.

Accordingly, petitioner's request for an extension of time in which to file his second amended petition is hereby GRANTED. Within **thirty** days of the date this order is filed, petitioner shall file a second amended petition, using the court's form for habeas petitions. A copy of the form petition, along with instructions for completing it, is provided herewith.

The second amended petition must include the caption and civil case number used in this order (No. C 07-2111 MMC (PR)), and must include the words SECOND AMENDED PETITION on the first page.  **Petitioner must include in the second amended petition all information necessary to cure the deficiencies noted above.  He also must include all the claims he wishes to present, and he may not include any unexhausted claims or incorporate material from any prior petitions by reference.  Failure to file a second amended petition in conformity with this order shall result in the dismissal of this action without prejudice.**

This order terminates Docket Nos. 25 and 27.

IT IS SO ORDERED.

DATED: May 2, 2008

_____
MAXINE M. CHESNEY
United States District Judge