IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M. FORDJOUR,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ROBERT L. AYERS, et al.,<br><br>　　　　Respondents.<br>_____ | No. C 07-2111 MMC (PR)<br><br>**ORDER TO SHOW CAUSE; GRANTING PETITIONER'S PENDING MOTIONS FOR EXTENSION OF TIME AND REVIEW OF SECOND AMENDED PETITION**<br><br>**(Docket Nos. 32 & 35)** |

　　　　On March 20, 2007, petitioner, a California prisoner then incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus. Petitioner asserted the revocation of his parole, on February 21, 2007 in Contra Costa County, violated federal law; he sought release from custody.

　　　　On June 11, 2007, the Court dismissed the petition with leave to amend to allege exhaustion of state court remedies. Thereafter, petitioner filed an amended petition in which he alleged that state habeas petitions he had filed in the Marin County Superior Court and California Court of Appeal had been denied. Petitioner did not indicate, however, whether he had received a result with respect to the state habeas petition he had filed in the California Supreme Court; consequently, the Court again dismissed the petition, with leave to amend to state whether such petition had been ruled upon. Subsequently, petitioner sought an extension of time in which to file a second amended petition, on the ground that he now is incarcerated at the Kings County Jail in Hanford, California.

　　　　On January 17, 2008, the Court granted petitioner's request for an extension of time; further, the Court informed petitioner that, in light of petitioner's change of address from

1 state prison to the Kings County Jail, petitioner, in his second amended petition, must inform
2 the Court not only about the status of his California Supreme Court petition, but also whether
3 he still is serving the parole revocation term that is the subject of the instant petition and, if
4 he is not, whether he nonetheless is suffering ongoing injury as a result of such revocation.

5 Thereafter, the Court granted petitioner an extension to June 2, 2008, to file a second
6 amended petition; on May 29, 2008, petitioner filed a request seeking an extension of time of
7 an additional fifteen days. On June 11, 2008, petitioner filed his second amended petition,
8 and on July 16, 2008, he filed a motion by which he asks the Court to review his second
9 amended petition. Good cause appearing, the Court will grant the request for an extension of
10 time and will review the second amended petition.

11 The second amended petition and exhibits attached thereto show the following: (1) on
12 July 11, 2007, the California Supreme Court denied petitioner's state habeas petition
13 challenging the validity of the parole revocation at issue herein; (2) on November 2, 2007,
14 criminal charges were filed against petitioner in the Superior Court of Kings County; (3) in
15 December 2007, petitioner's parole revocation term expired; and (4) in April 2008, petitioner
16 was placed into custody at the Kings County Jail, where he currently is confined as a pre-trial
17 detainee.

18 Based on the above, the Court finds that petitioner appears to have exhausted his state
19 remedies with respect to his challenge to the validity of his parole revocation. Further,
20 although petitioner no longer is in custody pursuant to the parole revocation at issue herein,
21 petitioner's allegation that, as a direct result of the parole revocation, the length of his parole
22 term was extended by twelve months, until January 2009, satisfies the requirement of a
23 "concrete and continuing injury" from the parole revocation. See Spencer v. Kemna, 523
24 U.S. 1, 13-16 (1998) (holding challenge to parole revocation becomes moot once term
25 imposed for violating parole has been served, unless petitioner can show continuing
26 collateral consequences of parole revocation exist). Accordingly, the petition will not be
27 dismissed as moot.

28 In his second amended petition, petitioner claims he was not provided with a timely

2

1 preliminary hearing to determine whether probable cause existed to revoke parole, he was not
2 allowed to confront adverse witnesses at the revocation hearing, and the length of his
3 sentence was unlawfully extended by adding an additional twelve months to his parole term.
4 Liberally construed, petitioner states cognizable claims for relief.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Petitioner's requests for an extension of time in which to file a second amended petition and for the Court to review the second amended petition are hereby GRANTED. (Docket Nos. 32 & 35.)

2. The Clerk of the Court shall serve by certified mail a copy of this order, <u>the second amended petition and all attachments thereto (Docket No. 33)</u>, on respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and

3

1 respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of
2 the date any opposition is filed.

3     5. Petitioner is reminded that all communications with the Court must be served on
4 respondent by mailing a true copy of the document to respondent's counsel.

5     6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the
6 Court and respondent informed of any change of address and must comply with the Court's
7 orders in a timely fashion. Failure to do so may result in the dismissal of this action for
8 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9     7. Upon a showing of good cause, requests for a reasonable extension of time will be
10 granted provided they are filed on or before the deadline they seek to extend.

11     This order terminates Docket Nos. 32 and 35.

12     IT IS SO ORDERED.

13 DATED: August 19, 2008

14                       MAXINE M. CHESNEY
                         United States District Judge