1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M. FORDJOUR, | )  No. C 07-2111 MMC (PR) |
| Petitioner, | )  **ORDER DISMISSING PETITION AS** |
| v. | )  **MOOT; DENYING PENDING** |
| | )  **MOTIONS** |
| ROBERT L. AYERS, et al., | ) |
| Respondents. | )  **(Docket Nos. 42 & 46)** |
| _____ | ) |

On March 20, 2007, petitioner, a California prisoner then incarcerated at San Quentin
State Prison and proceeding pro se, filed the above-titled habeas corpus action, alleging that
the revocation of his parole, on February 21, 2007 in Contra Costa County, violated federal
law.  He sought release from custody.

The Court dismissed the petition with leave to amend to allege exhaustion of state
court remedies.  Petitioner filed an amended petition, but did not indicate whether he had
received a result with respect to the state habeas petition he had filed in the California
Supreme Court.  Consequently, the Court again dismissed the petition, with leave to amend
to state whether a ruling on such petition had been obtained.  Subsequently, petitioner sought
an extension of time in which to file a second amended petition, on the ground that he was
now incarcerated at the Kings County Jail in Hanford, California.

The Court granted petitioner's request for an extension of time; further, the Court
informed petitioner that, in light of petitioner's change of address from state prison to the
Kings County Jail, petitioner, in his second amended petition, must inform the Court not only

United States District Court
For the Northern District of California

1   about the status of his California Supreme Court petition, but also whether he still was

2   serving the parole revocation term that is the subject of the instant petition and, if he was not,

3   whether he nonetheless was suffering ongoing injury as a result of such revocation.  In so

4   ruling, the Court explained:

> Specifically, if petitioner no longer is serving his parole revocation term, the instant petition will be subject to dismissal as moot unless petitioner can show some existing "collateral consequence" of the parole revocation.  See Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987).  A collateral consequence is a concrete and continuing injury other than the now-ended incarceration resulting from the parole revocation.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998).  The potential for detriment in a future parole or sentencing proceeding, impeachment in future court proceedings, or use of the parole revocation against the petitioner if he appears as a defendant in a future criminal proceeding are not sufficient to constitute collateral consequences.  See id. at 14-16.

11   (Order, filed May 2, 2008, at 2:15-24.)

12       On June 11, 2008, petitioner filed his second amended petition ("SAP").  In reviewing

13   the SAP, the Court found as follows:

> The second amended petition and exhibits attached thereto show the following: (1) on July 11, 2007, the California Supreme Court denied petitioner's state habeas petition challenging the validity of the parole revocation at issue herein; (2) on November 2, 2007, criminal charges were filed against petitioner in the Superior Court of Kings County; (3) in December 2007, petitioner's parole revocation term expired; and (4) in April 2008, petitioner was placed into custody at the Kings County Jail, where he currently is confined as a pre-trial detainee.
>
> Based on the above, the Court finds that petitioner appears to have exhausted his state remedies with respect to his challenge to the validity of his parole revocation.  Further, although petitioner no longer is in custody pursuant to the parole revocation at issue herein, petitioner's allegation that, as a direct result of the parole revocation, the length of his parole term was extended by twelve months, until January 2009, satisfies the requirement of a "concrete and continuing injury" from the parole revocation.  See Spencer v. Kemna, 523 U.S. 1, 13-16 (1998) (holding challenge to parole revocation becomes moot once term imposed for violating parole has been served, unless petitioner can show continuing collateral consequences of parole revocation exist).  Accordingly, the petition will not be dismissed as moot.

25   (Order, filed Aug. 19, 2008, at 2:11-27.)

26       Subsequently, respondent filed a motion to dismiss the SAP on the ground that

27   petitioner has failed to exhaust his state court remedies; petitioner filed opposition to the

28   motion and respondent filed a reply.  Thereafter, petitioner, on January 26, 2009, filed a

2

1   motion to compel his immediate discharge from parole.

2       On April 23, 2009, the Clerk of the Court, in response to a request from petitioner for

3   information regarding his case, sent to petitioner a copy of the docket sheet in the instant

4   action.  The docket sheet was sent in an envelope addressed to petitioner at his last address of

5   record herein, the Kings County Jail, in Hanford, California.  On May 6, 2009, the envelope

6   containing the docket sheet was returned as undeliverable, for the reason that petitioner is no

7   longer at that address.  (Docket No. 47.)  As of the date the envelope was returned to the

8   Clerk, petitioner has not updated his address in the instant action or otherwise communicated

9   with the Court herein.  The Court takes judicial notice, however, that on May 1, 2009,

10  petitioner filed a new habeas corpus action in this district, in which action he lists as his

11  current address the Santa Clara County Jail and challenges his incarceration at that facility

12  during the course of ongoing deportation proceedings.  (See Fordjour v. Napolitano, No. C

13  09-1919 MMC (PR)).[1]  Further, and of direct relevance to the instant proceedings, the Court

14  takes judicial notice that petitioner states in the newly-filed action that, on January 11, 2009,

15  he obtained a "mandatory parole discharge" from the term of parole that underlies

16  petitioner's claims in the instant action.  (See id. Docket No. 1 at 19.)

17      Based on the above, the Court finds the instant petition is now moot.  Article III, §

18  2, of the Constitution requires the existence of a case or controversy through all stages of

19  federal judicial proceedings.  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).

20  In order to satisfy the case-or-controversy requirement, a habeas petitioner "must have

21  suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be

22  redressed by a favorable judicial decision."  Spencer v. Kemna, 523 U.S. 1, 7 (1998)

23  (quotation and citation omitted).

24      "An incarcerated convict's (or a parolee's) challenge to the validity of his conviction

25  always satisfies the case-or-controversy requirement, because the incarceration (or the

26  _____

27      [1]A district court "may take judicial notice of proceedings in other courts, both within
    and without the federal judiciary system, if those proceedings have a direct relation to
28  matters at issue."  Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (quotation and
    citations omitted).

United States District Court
For the Northern District of California

3

United States District Court
For the Northern District of California

1   restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the

2   conviction and redressable by invalidation of the conviction." Id.  Once the convict's

3   sentence or parole term expires, however, some concrete and continuing injury other than the

4   now-ended incarceration or parole – some "collateral consequence" of the conviction – must

5   exist if the suit is to be maintained and not considered moot.  Id.

6          Courts may presume that a criminal conviction has continuing collateral

7   consequences.  See id. at 8-12.  This presumption does not extend to parole revocations,

8   however.  See id. at 12-13.  As the Court previously explained to petitioner, if the term

9   imposed for a violation of parole has been served, a petitioner who seeks to challenge the

10  revocation of his parole must demonstrate that continuing collateral consequences exist.  Cox

11  v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987).  The potential for detriment in a future

12  parole or sentencing proceeding, impeachment in future court proceedings, or use against the

13  petitioner if he appears as a defendant in a future criminal proceeding are not sufficient to

14  constitute collateral consequences.  See Spencer, 523 U.S. at 14-16.

15         Here, petitioner was in custody pursuant to the revocation of his parole when in March

16  2007 he filed his original petition challenging that revocation.  Thereafter, in August 2008,

17  the Court determined that even though petitioner had completed serving the parole revocation

18  term in December 2007, the petition was not moot because continuing collateral

19  consequences of the revocation existed.  Specifically, as a direct result of the parole

20  revocation, petitioner's underlying parole term had been extended to January 2009.  It is

21  clear, however, that the petition is now moot because in January 2009 petitioner's underlying

22  term of parole expired and petitioner was fully discharged from parole.  Consequently,

23  petitioner has fully served the parole revocation term challenged by the instant petition and is

24  not subject to any continuing collateral consequences thereof.

25         For the foregoing reasons, the case-or-controversy requirement is no longer satisfied

26  herein, and the Court is without continuing jurisdiction over the petition.  Accordingly,

27  respondent's motion to dismiss the SAP as unexhausted and petitioner's motion to compel

28  his discharge from parole are hereby DENIED as moot, and the SAP is hereby DISMISSED

4

1  for lack of subject matter jurisdiction.

2        This order terminates Docket Nos. 42 and 46.

3        The Clerk shall close the file.

4        IT IS SO ORDERED.

5  DATED: June 1, 2009

6                                    MAXINE M. CHESNEY
                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California