IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M. FORDJOUR, ) | No. C 07-2111 MMC (PR) |
| Petitioner, ) ) | **ORDER DENYING PETITIONER'S POST-JUDGMENT MOTIONS;** |
| v. ) ) | **GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL** |
| ROBERT L. AYERS, et al., ) ) | |
| Respondents. ) _____ ) | **(Docket Nos. 60, 61)** |

On March 20, 2007, petitioner, a California prisoner then incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled habeas corpus action, alleging that the revocation of his parole, on February 21, 2007 in Contra Costa County, violated federal law. He sought release from custody. By order filed June 1, 2009, the Court dismissed the petition as moot for the reason that petitioner, in January 2009, had obtained a "mandatory parole discharge" from the term of parole that underlies petitioner's claims in the instant action. Consequently, the Court concluded that the case-or-controversy requirement is no longer satisfied in the instant action, and the Court is without continuing jurisdiction over the petition. (Order, filed June 1, 2009, at 3:17-5:1.)

Thereafter, petitioner filed a notice of appeal, which the Court construed as including a request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). By order filed July 10, 2009, the Court denied the request for a certificate of

appealability, on the ground petitioner had not shown "'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' Slack v. McDaniel, 529 U.S. 473, 484 (2000)." (Order, filed July 10, 2009, at 1:27-2:3.) By that same order, the Court informed petitioner that he may also seek a certificate of appealability directly from the Ninth Circuit. On July 13, 2009, the Clerk of Court forwarded the Court's order, along with the case file, to the Ninth Circuit. (Docket Nos. 55, 56 & 59.)

Thereafter, petitioner filed in the instant action a document titled "Emergency Motion for Certificate of Appealability Pursuant to FRAP 22 and Ninth Circuit Rule 22-1(a), (b) (c) (d) and for Motion for Reconsideration Pursuant to Rule 59(e) and Rule 60(b)(6), (c), FRCP and Motion to Vacate." Petitioner's motions are hereby DENIED. As noted, the Court already has denied petitioner's request for a certificate of appealability and the court file has been forwarded to the Ninth Circuit. Consequently, petitioner's recourse is to seek a certificate of appealability directly from the Ninth Circuit. Additionally, petitioner has set forth no new grounds in his motion that warrant reconsideration or vacation of the Court's prior ruling pursuant to either Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure.

Petitioner also has filed a motion for leave to proceed in forma pauperis on appeal. Good cause appearing, the motion is hereby GRANTED.

This order terminates Docket Nos. 60 and 61.

IT IS SO ORDERED.

DATED: March, 5, 2010

_____
MAXINE M. CHESNEY
United States District Judge